Leland Lee HIRSCHI and LaVerne Hirschi, for themselves and all other persons similarly situated, Plaintiffs,

v.

B. & E. SECURITIES, INC., a Utah corporation, William A. Barlocker, Lee J. Esplin, K. C. Weaver, Leo Reeve, Arthur Barlocker, W. B. Hail and Doyle Sampson, Defendants.

No. C 243–65.

United States District Court
D. Utah,
Central Division.

Aug. 9, 1966.

Antitrust Law Symposium, CCH Trade Reg.Rep. 91, 104–08.

Adam M. Duncan and Parker M. Nielson, Salt Lake City, Utah, for plaintiffs.

Joseph J. Palmer, Salt Lake City, Utah, for defendant B. & E. Securities, Inc.

Lon Rodney Kump, Salt Lake City, Utah, for defendant William A. Barlocker.

Hardin A. Whitney, Jr., Salt Lake City, Utah, for defendants Lee J. Esplin, K. C. Weaver, Leo Reeve, Arthur Barlocker, W. B. Hail and Doyle Sampson.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Plaintiffs seek damages on behalf of themselves "and all other persons similarly situated" in their first claim for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j),[1] and Rule 10b–5 promulgated by the United States Securities and Exchange Commission (17 C.F.R. Section 240.10b–5).[2] In a second claim

1. "78j. Manipulative and deceptive devices

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

" * * *

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

2. "§ 240.10b–5 Employment of manipulative and deceptive devices.

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud,

"(b) To make any untrue statement of a material fact or to omit to state a ma-

damages are sought for violation of Section 7 of the Investment Company Act of 1940 (15 U.S.C. § 80a–7).[3]

Plaintiffs are purchasers of stock of the defendant corporation. It is alleged in the second amended complaint that this stock was offered for sale and sold to plaintiffs by the defendants by means of devices, schemes and artifices to defraud and to obtain money from the plaintiffs by means of untrue statements of material facts and by omitting to state and concealing material facts necessary to make the statements made, in the light of the circumstances in which they were made, true and not misleading, and otherwise engaged in acts and courses of business which acted as a fraud upon plaintiffs. Some of the alleged misrepresentations or omissions, if established, could have been made to, and could have affected all members of the alleged class in a similar manner as claimed in the complaint, but it is obvious that many of them were of such a nature as to make it highly unlikely that all or even a substantial part of the stock purchasers would have received the same communications or, if they had, with similar impact, effect or context. In any event, it would be impossible in a case such as this to describe the class sufficiently to permit a meaningful judgment in its favor upon initial submission of the case to a jury.

At a pre-trial conference on June 30, 1966, the parties were allowed time within which to brief the question of the propriety of treating the action as a class action. On July 15, 1966, the question was argued orally to the court in connection with arguments concerning similar problems in other cases, and the questions are now before the court for decision.

This action was begun on December 2, 1965. In the second amended complaint it is alleged that during the period from on or about February 20, 1961, to on or about May 7, 1962, the defendants sold securities at various prices to approximately two hundred persons. The acquisitions of the named plaintiffs were on September 27, 1961, and November 30, 1961. In order to avoid the bar of the statute of limitations thus indicated, plaintiffs in their second amended complaint allege active concealment from stockholders of the causes of action now asserted and "lulling" activity on the part of the defendants. It is asserted that plaintiffs did not know, and that none of the other stockholders knew any of the true material facts concerning B. & E., until some time in 1965, when plaintiffs employed legal counsel to investigate plaintiffs' investment; and that they could not, by reasonable process of inquiry, have ascertained the material facts

terial fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

3. "§ 80—7. Transactions by unregistered investment companies

"(a) No investment company organized or otherwise created under the laws of the United States or of a State and having a board of directors, unless registered under section 80a—8 of this title, shall directly or indirectly—

"(1) offer for sale, sell, or deliver after sale, by the use of the mails or

any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is such investment company or another person; or offer for sale, sell, or deliver after sale any such security or interest, having reason to believe that such security or interest will be made the subject of a public offering by use of the mails or any means or instrumentality of interstate commerce;

"* * *

"(3) control any investment company which does any of the acts enumerated in paragraphs (1) and (2) of this subsection;

"(4) engage in any business in interstate commerce; or

"(5) control any company which is engaged in any business in interstate commerce * * *"

prior to the date of the commencement of this action on their behalf.

Defendants contend that this may not be properly treated as a class action, either under Rule 23(a) (3) [4] as it existed prior to July 1, 1966, or under Rule 23(a), (b) (3) of the Federal Rules of Civil Procedure [5] as they were amended effective July 1, 1966.

There are some common issues of fact and law involved in this action. On the other hand it appears that there are questions of law and fact affecting the individual members of the class which could not be common to all of the members of the class. For example: Whether the individual members relied upon specific or any oral representations made to them and not to members of the class in general; whether there was reliance upon representations made to others, and whether the particular member had knowledge or notice of the alleged causes of action early enough to be barred by the statute of limitations. These, I apprehend, may become primary issues in the case. It seems inevitable before the case can be meaningfully submitted to a jury that all claimants seeking the aid of the court must be identified and must be brought before the court by some means in order to have these and other issues determined.

I have considered whether subdivisions of the class could be established to cover the individual issues or categories thereof. This seems infeasible, if not impossible, however, and by attempting to fragmentize the class the case would be made more complex to no avail, for ultimately the individual claimants would have to come before the court. There have been enough difficulties encountered from a conceptual as well as a practical viewpoint, in Union Carbide and Carbon Corporation v. Nisley, 300 F.2d 561 (10th Cir. 1962), to commend the avoidance of its procedure under the old rule when the operative facts on liability, unlike those in that case, are not common to the alleged class.

Short of extending old Rule 23 even beyond *Nisley*, on facts much less hospitable, no useful purpose would be served by proceeding further under it. Being a rule primarily for liberal inter-

---

4. "Rule 23. Class Actions

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

" * * *

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

5. "Rule 23. Class Actions

"(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

" * * *

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

vention, utilization of the spurious class action device likely would not ameliorate the statute of limitations problem for stockholders not parties or intervenors at the time of trial; and the jurisdictional hurdle because of individual claims limited in amount, which it might otherwise be impossible to surmount, is of little practical concern in this 10(b) action.

 It would be within the discretion of the court upon invocative facts in a case pending when the amendment to Rule 23 went into effect, to proceed either under the old or new rule. For reasons which already must be apparent, I have concluded that the new rule offers no practical solution. Having found that the questions of law and fact common to the members of the alleged class do not predominate over questions affecting individual members, the basis for the application of the rule does not exist. Rule 23(b) (3) F.R.C.P. If there could be thought some questions about this, the difficulties likely to be encountered in the management of a class action in this case, and the relatively limited benefits, if any, such an action could accomplish at greatly increased burden, have persuaded me to exercise whatever discretion I possess in proceeding otherwise. That is not to say that even in 10(b) actions involving oral as well as written representations and the question of reliance I think the class action device is of necessity unsuitable. But with the predominate factual question of the application or tolling of the statute of limitations superimposed upon the other individual problems I believe that this case involves even more of a contra-indication than the Advisory Committee had in mind when it annotated its proposed amendments to Rule (b) (3) with the following comment:

"The court is required to find, as a condition of holding that a class action may be maintained under this subdivision, that the questions common to the class predominate over the questions affecting individual members. It is only where this predominance exists that economies can be achieved by means of the class-action device. In this view, a fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class. On the other hand, although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed." Proposed Rules of Civil Procedure, Advisory Committee Notes, 39 F.R.D. 69, 103 (1966); reported to Congress, House Document No. 391, p. 42, 89th Congress, 2d Session, 1966.

██ What has been said largely applies also to plaintiffs' second claim, asserting violation of the Investment Companies Act. The question of law whether a civil action may be maintained thereunder at all and whether with reference to the alleged failure to register the members of the alleged class are so bound by public records as to be barred by the statute of limitations, would lend themselves to class adjudication. Yet these are only threshold questions which, if resolved against plaintiffs, would render failure to involve a class possibly prejudicial only to the defendants, who themselves object to the class action. And if they were resolved in favor of plaintiffs this would still not obviate the serious individual problems of knowledge, notice, reasonable inquiry and concealment relating to the statute of limitations.

Moreover, to proceed with the first claim as an individual action and the second claim as a class action would involve risk of intensifying and prolonging the illusory representation with prejudicial effect as to the statute of limitations

which it has been suggested may already have occurred by reason of the pendency of the class action as a matter of nomenclature in the complaint. I refer to the indication that would be given by sending out a notice pursuant to Rule 23(c) (2) concerning the second claim that the interest of all nondissenting stockholders would be represented and the effect by way of discouragement or confusion that such a notice could have upon essential intervention with reference to the first claim. If beyond the mandatory requirements of the present rule the notice sought to negate the inference of complete class representation by calling attention to the desirability or necessity of individual intervention with reference to the first claim, the court could well find itself in the position not only of soliciting intervenors but clients. See Cherner v. Transitron Electronic Corporation, 201 F.Supp. 934 (D.Mass.1962). On the other hand, if stockholders intervene in the 10(b) claims, as appears likely in view of their concentration in a relatively small community, they can conveniently do so with respect to the second claim; and if they would find it necessary to appear at or before the trial, as seems likely, even as members of a class with reference to the second claim, they no doubt would desire to be included as intervenors with respect to the first claim as to which the statute of limitations defense does not appear so formidable.

Other practical considerations, unlike the situations in Harris v. Jones, et al. (Harris v. K. S. L.) D.C., 41 F.R.D. 70, in which similar problems have been decided today, do not weigh in favor of a class action.

 The purchasers of stock from the defendant corporation are not so numerous as to preclude intervention by those interested in the litigation. Most of them are residents of a relatively small community. This action has not been pending for any great length of time. It is unlikely that others have refrained from individual action in reliance upon the designation in the complaint of the action as a class action. The court has not formally approved it as such. And even though persons have refrained for a limited period in taking individual action or intervening in reliance upon plaintiffs' designation, the delay likely will not have been prejudicial. If other stockholders have known of developments up to now suggesting a class action, no doubt they will shortly learn of this ruling; and if they have not known of the pendency of this action, they will not have been misled either by its being brought or by this recognition of it as an individual action only. The pleadings indicate that unless there were a tolling of the statute by failure of discovery or concealment, the action probably is barred as against all members of the alleged class. If there has been lack of notice or effective concealment to toll the running of the statute at the time of the original complaint, it seems unlikely that the situation would have changed by now and there should remain adequate time for additional actions or intervention.

Accordingly, the motions of the defendants are granted and the case will proceed as a suit by the named plaintiffs and not as a class suit, with intervention to be freely allowed prior to the time of the final pre-trial conference, and thereafter and up until the time of the trial upon a showing of good cause and in the interest of justice, on the part of any members of the alleged class who desire to intervene either through counsel for the named plaintiffs or through other counsel whom the intervenors may elect to have represent them in this action.