70

Don L. HARRIS, for himself and for and on Behalf of all others similarly situated, Plaintiff,

v.

Paul W. JONES et al., Defendants.

William G. FOWLER, Trustee of the Estate of Guaranty Trust Deed Corporation, Plaintiff,

v.

Howard L. LUND et al., Defendants.

Don L. HARRIS, for himself and for and on Behalf of all others similarly situated, Plaintiff,

v.

KSL, INCORPORATED, a Utah corporation, Gordon Owen, Nelson W. Hall, E. D. Hoggan, E. D. Hoggan & Associates, Inc., a Utah corporation, Defendants.

Nos. C 211–63, C 211–64, C 26–65.

United States District Court
D. Utah,
Central Division.
Aug. 9, 1966.

Calvin A. Behle, of Parsons, Behle, Evans & Latimer, Adam M. Duncan, and Wallace R. Bennett, Salt Lake City, Utah, for plaintiff, Don L. Harris.

A. W. Sandack and Herschel J. Saperstein, of Draper, Sandack & Saperstein, Salt Lake City, Utah, for William G. Fowler, trustee of Estate of Guaranty Trust Deed Corp.

Edward W. Clyde, of Clyde, Mecham & Pratt, and Brigham E. Roberts, of Rawlings, Wallace, Roberts & Black, Salt Lake City, Utah, for defendant, Paul W. Jones.

Harley W. Gustin, of Gustin, Richards & Mattsson, Salt Lake City, Utah, for defendant, Owen G. Reichman.

Edward W. Clyde, and Roland R. Wright, of Clyde, Mecham & Pratt, Salt Lake City, Utah, for defendants, J. Herbert Millburn and G. Lowry Anderson.

Arthur H. Nielsen, and Dean E. Conder, of Nielsen, Conder & Hansen, Salt Lake City, Utah, for defendant, Marion D. Hanks.

Everett E. Dahl, Midvale, Utah, for defendant, Floyd Garn Hatch.

Clifford L. Ashton, of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for defendant, Eldon O. Willis.

Norman Wade, Salt Lake City, Utah, for defendant, Charles L. Wall.

Robert B. Hansen, of Hansen, Sumsion, Madsen & Ranquist, Salt Lake City, Utah, for defendant and cross complainant, Wesley S. Burrows.

Kenneth V. Lund, pro se.

Howard L. Lund, pro se.

Albert R. Bowen, of Ray, Quinney & Nebeker, and Paul E. Reimann, Salt Lake City, Utah, for defendant, KSL, Inc.

David S. Geldzahler, of Owen & Ward, Salt Lake City, Utah, for defendant, Gordon Owen.

Wayne L. Black, of Rawlings, Wallace, Roberts & Black, Salt Lake City, Utah, for defendant, Nelson W. Hall.

Edward M. Garrett, of Hanson & Garrett, Salt Lake City, Utah, for defendants, E. D. Hoggan and E. D. Hoggan & Associates, Inc.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

These cases have been consolidated for trial. The Fowler case is an action brought by the Trustee of the Guaranty Trust Deed Corporation, bankrupt, to recover from the defendant officers and directors for alleged negligent mismanagement. There is no immediate problem with respect to it. The Harris cases are now before me on the question whether they can or should be maintained as class actions in view of the July 1, 1966 amendment to Rule 23 of the Federal Rules of Civil Procedure [1] and, if so, what type of

1. Rule 23 as it was in force prior to July 1, 1966, provided in pertinent part as follows:

"Rule 23. Class Actions

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"* * *

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

Rule 23 as it was amended effective July 1, 1966, contains the following provisions, inter alia, on the same subject:

"Rule 23. Class Actions

"(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) Class Actions Maintainable. An action may be maintained as a class ac-

notice should be sent to members of the alleged class.

Plaintiffs' claims in the Harris cases are based on alleged violations of Section 10(b) of the Securities Exchange Act of 1934,[2] and Rule 10b–5 of the United States Securities and Exchange Commission.[3]

Harris brought these actions on behalf of himself and all other depositors similarly situated to recover damages claimed to have resulted from the purchase of a security known as "Guaranty Sevenplan Trust Fund Certificate of Deposit". Oral as well as written misrepresentations are claimed to have been made by the defendants pursuant to, or in furtherance of, a scheme to defraud the investors.

In the first Harris case, C 211–63, former officers and directors of Guaranty Trust Deed Corporation are defendants. In the second, C 211–64, the defendants are a radio station, an advertising agency and their respective personnel. It is claimed that they disseminated false representations with knowledge, or reasonable notice, that they were participating significantly in a scheme and course of business whereby the securities were unlawfully being offered and sold to the investing public, that various statements prepared and broadcast were material and false, that many of the persons who purchased trust certificates would do so in reliance on the commercial copy and broadcasts prepared by the respective defendants and that the radio broadcasts would lead listeners to believe that the defendants had investigated, approved and endorsed the securities in question.

The first of the Harris cases was commenced October 31, 1963, and the second on January 28, 1965. The Judge to whom the cases were originally assigned denied motions to dismiss them as class actions and continued to recognize them as such, but indicated that the question

tion if the prerequisites of subdivision (a) are satisfied, and in addition:

"\* \* \*

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

2. 15 U.S.C. § 78j.

"78j. Manipulative and deceptive devices

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

"\* \* \*

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

3. 17 C.F.R. Section 240.10b–5.

"§ 240.10b–5 Employment of manipulative and deceptive devices.

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud,

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

would be further considered at the time of trial. In November, 1965, shortly before the scheduled trial, he disqualified himself, with the result that the cases were reassigned to me for further proceedings.

After a further pre-trial conference and the completion of the trial of a related criminal case which also had been reassigned to me, it seemed apparent that a meaningful trial could not be had in the Harris cases without the identification and processing of the claims of members of the alleged class prior to the time of trial.[4] The post-trial procedure followed in Union Carbide and Carbon Corporation v. Nisley, 300 F.2d 561 (10th Cir. 1962), as difficult as this proved to be even in a case where the operative facts on liability were the same with respect to each member of a more limited class,[5] was deemed to be wholly infeasible in cases such as these where there was only one named plaintiff, the securities were purchased at different times and under varying circumstances and even the definition of a class or classes in terms of the types of misrepresentations to which they were allegedly subjected or the reliance, if any, they placed upon the respective types of representations, could not be meaningfully formulated for submission to a jury.

It hence was considered necessary in some way to process the claims of the members of the class and to identify the claimants prior to the time of trial. It was recognized at best that the handling of the cases as class actions would be complicated and difficult. But the law of the case on the subject was thought to have been established; and in view of the long period in which at least one of the cases had been recognized as a class action, with the statute of limitations problem likely to have become critical during the pendency of this action should it be converted into an individual action, and in view of the multiplicity of suits and the complications of intervention because of the large number of persons involved, it was believed that alternatives to a class action would be less acceptable. Accordingly, it was determined that a notice should be sent out to all stockholders to the effect that unless they filed notices of their desire to be included as members of the class within a designated time, with a description of the types of representations upon which they relied in purchasing their securities, they would be deemed not to be included and their claims would be barred.

■ This was the status of the matter when the amendment to Rule 23 became effective on July 1, 1966. The point was thereupon raised that in view of the new rule the form of notice contemplated here would be at variance with the mandatory requirements of the rule.[6] It has been

4. For discussion of conceptual and practical problems in the trial of spurious class actions under the old rule, see Developments-Multiparty Litigation, 71 Harv.L.Rev., 877 (1958), particularly pp. 928–943; Damages in Class Actions, 32 U.Ch.L.Rev., 768 (1965).

5. See 300 F.2d 561, 589. Despite the able handling of this case by the experienced trial judge and the affirmance of the class judgment by the Circuit Court of Appeals, the subsequent identification of members of the class through a master, the determination of the amount of the total award consistent with the jury's verdict and the resolution of other residual and post-judgment problems resulted almost three years after the Court of Appeal's

decision in a compromise settlement upon the stipulation of the parties that there existed a substantial question of law and fact "as to whether * * * (plaintiffs') claims on behalf of unnamed plaintiffs are well founded * * * (and) as to whether * * * (plaintiffs') claims individual and as representative of the class are barred by the statute of limitations", and upon a finding by the court that there was "a substantial question of fact and law as to whether the claims on behalf of the unnamed plaintiffs are well founded."

6. 23(c) (2). In any class action maintained under subdivision (b) (3), the court shall direct to the members of the class the best notice practicable under

variously urged on the one hand that the amendment of Rule 23 has made the old procedure improper since the case must be further processed and decided after the amendment, and, on the other, that because the cases were initiated and declared to be class actions while the old rule was in effect, they must continue to be treated pursuant to that rule. The short answer to these latter contentions is that the court has discretion to apply either, depending on its view of feasibility and justice.[7] Reconsideration of the previous decision to treat these cases as class actions also has been urged on the contention that under the amended rule they cannot be so treated because of the absence of required foundations. I have concluded in this case that the new rule can and should be followed and applied. I am further of the opinion that in doing so there will be no straightjacket prevention of processing the claims of class members prior to the trial for the purposes of further identification, the designation of sub-classes, if any, the consideration of all individual problems not reasonably subject to resolution after verdict and for other purposes.

Proceeding, as it is believed should be done, under Rule 23 as amended, I think compliance must be made with subsection (c) (2) by giving individual notice so far as practicable to each member of the alleged class,[8] advising him that the court will exclude him from the class if he so requests by a specified date, that the judgment, whether favorable or not will include all members who do not request exclusion and that any member who does not request exclusion may, if he desires, enter an appearance through his counsel at any time. Within a reasonable time after a determination of exclusion from the class as a result of the foregoing notices, and with appropriate relationship to the prospective date of trial and the necessities of discovery, there will be a further notice directed to members of the class requiring them to file simple statements of their claims upon furnished forms, particularly with reference to the types and sources of representation, if any, upon which they relied in purchasing their securities and the time they first learned any representations were false.[9] An order will be made, and notice given, that if such state-

---

the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

7. The Journal of the Supreme Court of the United States of February 28, 1966, which contains the amendments to the Rules of Civil Procedure and to the Rules of Criminal Procedure, omitted in its original print page 309. This page was subsequently inserted but its contents have not been printed in various documents of the House of Representatives containing the amendments to the Federal Rules of Civil Procedure. The missing page, representing a part of the official order, expressly provides in part as follows (see 39 F.R.D. at page 251):

"2. That the foregoing amendments and additions to the Rules of Civil Procedure shall take effect on July 1, 1966, and shall govern all proceedings in actions brought thereafter and also in all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies."

8. There are about fifteen hundred certificate holders, all of whom are alleged to be members of the class. Their names and last known addresses are on file and thus readily available.

9. It is believed that power to give such additional notice exists by reason of the court's essential general powers as well as by virtue of Rule 23(d) which reads as follows:

"(d) Orders in Conduct of Actions. In the conduct of actions to which this rule applies, the court may make appropriate

ments without good cause are not filed within the time specified the action may be dismissed with prejudice as to defaulting members for failure diligently to prosecute.[10] When the latter stage has been completed the court should be in a position better to determine the adequacy of the existing representation, more effectively to define the class or to establish or eliminate sub-classes, and to establish practical guides for the trial of the cases and, it is hoped, the submission of the issues for meaningful determination by a jury.[11]

■ I find that the class involved in these cases is so numerous that joinder of all members in the usual sense of joinder is impracticable; that there are ques-

tions of law and fact common to the class; that the claims of the representative parties are typical in a broad way of the claims of the alleged class; that the questions of law or fact common to the class likely will predominate over any questions affecting only individual members; that a class action is superior to other available methods for a fair and efficient adjudication of the controversy and that the difficulties of management, if the procedure outlined above is pursued, should not prove insurmountable.[12]

There are persuasive considerations present in these cases which were not found in Hirschi et al. v. B. & E. Securities, Inc., et al., D.C., 41 F.R.D. 64, in which the class action today is being dismissed.[13]

orders: (1) determining the course of proceedings or prescribing measures to prevent under repetition or complication in the presentation of evidence or argument; (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time."

10. In this type of case and in view of present circumstances despite prospective difficulties that I do not mean to minimize, the class action device may prove both manageable and beneficial if, and only if, the members of the class can be brought in some way before the court prior to trial. In any event their position ultimately would have to be considered on an individual or detailed category basis and I believe the court must do this at or prior to trial if a meaningful verdict is to be had. If Rule 23 does not con-

template and authorize such procedure, it should be revised. I think it does already. Alternatives would be to proceed with these cases as the action of a single individual in disregard of almost 1500 others who acquired similar securities and whose rights by now probably all would be barred in the absence of a class action or to go to trial with the unprocessed hope that somehow the rights of the large number of other investors could be defined, investigated and adjudicated. I find these alternatives unacceptable under the circumstances of this case.

11. Rule 23, subsections (c) (1), (c) (4) and (d).

12. Rule 23(a) (b).

13. In *Hirschi* the case was recently filed; there was no "lulling" of members of the alleged class by long standing recognition of the action as a class action with likely adverse effect upon the statute of limitations problem by dismissal of the class action; the representations in *Hirschi* were primarily oral, while here written prospectuses sent to all members of the class are relied upon, together with oral representations pursuant to a common plan; the members of the class here are much more numerous and less susceptible to the process of intervention, at this stage of the cases; a primary issue as to all members of the alleged class in *Hirschi* was the tolling, by individual non-discovery, of the statute of limitations which without tolling would have fully run at the time of the commencement of the *Hirschi* action.

A comprehensive pre-trial order implementing this decision with respect to the class action problem and notices, containing a stipulation of uncontroverted facts and a tentative statement of issues and providing other procedures looking toward the final pre-trial conference and the expeditious trial of these cases, has been executed and will be filed herewith.