**GEO. H. McFADDEN & BRO., INCOR-PORATED, Plaintiff,**

v.

**HOME–STAKE PRODUCTION COMPA-NY, an Oklahoma corporation, Robert S. Trippet, and Republic Supply Co., a Delaware corporation, Defendants.**

**Civ. No. 68–C–40.**

United States District Court

N. D. Oklahoma.

Dec. 31, 1968.

See also D.C., 295 F.Supp. 587.

R. L. Davidson, Jr., and Richard T. Sonberg, of Houston, Klein & Davidson, Tulsa, Okl., for plaintiff.

Thomas A. Landrith, Jr., and Pat Malloy, Tulsa, Okl., for defendants Home-Stake Production Co. and Trippet.

R. James Unruh and Bert McElroy, Tulsa, Okl., for defendant Republic Supply Co.

## ORDER

DAUGHERTY, District Judge.

Plaintiff has moved to convert this action to a class action to be prosecuted on behalf of other persons whom Plaintiff describes as coming within the following classes: (1) All persons presently owning an interest in the 1960 Program of Defendant Home-Stake Production Company (Home-Stake), and (2) All persons presently owning an interest in the 1961 Program of Home-Stake.

Plaintiff states in its Motion that it is a representative party for the classes named above, that joinder of all the persons involved is impractical, that there are common questions of law and fact, and that Plaintiff's claims are typical of those of the classes named. This is what Rule 23(a), F.R.Civ.P., 28 U.S.C.A., requires.[1]

The Defendants do not attack Plaintiff's assertion that it is a representative party of all other persons in the classes described. There does not seem to be any serious question on this point, as it appears from the pleadings and other documents in the files of the case that none of the other investors has any greater rights than any other under the Home-Stake Programs, and that the only variable factor will be the percentage of their participation in the Programs.

Defendants Home-Stake and Trippet do not agree that there may be common questions of law, stating that the presence of such questions is a "matter of pure speculation." There are, however, some very real questions of law present which would be common to the determination of the claim of each member of the classes. The Programs sold to the Plaintiff are undivided interests in oil leases operated by Home-Stake. Defendants do not contend that the interest of any particular purchaser, at the time he purchased it, is any different from the interest purchased by any other investor. The only difference is the investor's share of the whole Program. Some of the issues raised by the pleadings are: (1) liability of the Defendants for use of manipulative or deceptive devices to sell unregistered securities (15 U.S.C.A. § 78j), (2) use of interstate facilities to (a) employ a device or scheme to defraud, (b) make any untrue statement of a material fact or omit to make a disclosure, or (c) engage in any course of business which operates as a deceit on any person (15 U.S.C.A. § 77q(a)), (3) common law fraud, (4) existence and breach of a fiduciary duty between Home-Stake and its investors, (5) participation of the Defendant Republic Supply Co. (Republic) in the breach of the fiduciary duty, if any, or in the SEC violations, if any, and (6) breach of warranty as to the profitability of the Programs. In at least three of the issues described above, there are questions of law and fact common to all the investors. The acts of the Defendants respecting these issues where they are acts concerning the operation of the Programs affect all of the investors, and not just some of them in-

1. The Rule provides: "(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

dividually. Defendants' contention is without merit.

■ Defendants Home-Stake and Trippet deny that Plaintiff's claims are typical of the classes proposed. However, in their Brief opposing the Plaintiff's Motion, Defendants state in the paragraph immediately following such denial:

"As we have pointed out in our answer and elsewhere, Home-Stake's annual programs are offered only to highly sophisticated, affluent business people experienced in investments and business matters."

Home-Stake and Trippet, in their Answer, typify Plaintiff as a "highly sophisticated, affluent business" person. Their characterization of Plaintiff and the other investors tends to place them all the more firmly in the same class than do Plaintiff's reasons advanced in support of the instant Motion. While it is possible that the claims of the other members of the class may turn out to be different in substance from those asserted by Plaintiff, this is a matter which can be clarified by discovery, if necessary. If it turns out that the Plaintiff's claims are not typical of the classes suggested, Defendants can at that time move for appropriate relief. At this stage of the case, it appears that the claims of the other members of the classes suggested will be similar and typical to those of Plaintiff.

■ Home-Stake and Trippet next object to Plaintiff's assertion that the members of the classes are so numerous that their joinder is impractical. According to answers of Home-Stake and Trippet to Plaintiff's interrogatories, there are 99 purchasers of interests in the 1960 Program, and 173 purchasers in the 1961 Program. What number of these persons are presently owners and where they are located is not revealed by any of the parties. The Court, therefore, indulges in the presumption that most of these persons are present owners, and if this presumption is not correct, the Defendants may have an opportunity to present the true state of affairs. As it stands, the members of the class are so numerous that joinder is impracticable.

■ With respect to Plaintiff fairly and adequately representing the interests of the classes, Home-Stake and Trippet argue that such representation is needed only by the "disadvantaged, the incompetent, the indigent, the ignorant, or others for whom the court should proffer solicitous concern," and as these epithets may not be applied to any member of the proposed classes, Plaintiff need not represent them. The Court finds no such limitation in the application of Rule 23. Defendants' contention is specious.

It appears that the requirements of Rule 23(a) have been satisfied, at least for the time being.

It is now necessary to consider whether the requirements of Rule 23(b) (3) [Plaintiff does not rely on the preceding subdivisions of Rule 23(b)] have been met by the Plaintiff.[2]

■ All Defendants contend that common questions of law or fact do not predominate over any question affecting only individual members. They point out that the time of discovery of fraud, if any, will vary among the investors and that this will, in turn, individualize the application of statutes of limitations. They also point out that the misrepresentations or omissions, if any, may be different as regards each investor. In this respect, Defendants rely strongly on the case of Hirschi v. B & E Securities, Inc., 41 F.R.D. 64 (Utah 1966), aff'd in

---

**2.** The Rule provides: "(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, in addition: * * * (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. * * *"

part and rev'd in part sub. nom. Esplin v. Hirschi, Tenth Cir., 402 F.2d 94, September 30, 1968. The District Court analyzed the case for a class action as follows:

"There are some common issues of fact and law involved in this action. On the other hand it appears that there are questions of law and fact affecting the individual members of the class which could not be common to all of the members of the class. For example: Whether the individual members relied upon specific or any oral representations made to them and not to members of the class in general; whether there was reliance upon representations made to others, and whether the particular member had knowledge or notice of the alleged causes of action early enough to be barred by the statute of limitations. These, I apprehend, may become primary issues in the case. It seems inevitable before the case can be meaningfully submitted to a jury that all claimants seeking the aid of the court must be identified and must be brought before the court by some means in order to have these and other issues determined." 41 F.R.D. 64, at p. 67.

This paragraph could have been written for the instant case. Defendants justifiably rely on it. However, in reversing the District Court in its determination that no class action should be allowed, the Court of Appeals for the Tenth Circuit stated:

"We are thus faced with the question of whether the trial court was too restrictive in its interpretation of Rule 23 in not allowing this class action to proceed. Undoubtedly the possibility exists that there will be questions of individual oral misrepresentation to each of the potential plaintiffs relating to their inducement in buying the securities and in lulling them sufficiently to toll the statute of limitations. * * * the issue in any 10b–5

action, upon which all others depend, is the existence of fraudulent and manipulative conduct relating to the sale of the securities. Having alleged that there was no attempt to comply with the registration or periodic reporting provisions of the Securities Exchange Act, that there were omissions and half truths common to all purchasers, and that, as to all shareholders, there had been common letters and reports, it is apparent that the issue of liability—disregarding the defense of limitations—was to be the same as to all purchasers.

"* * * the propriety of allowing a class action on the 10b–5 count is an extremely close question * * * It cannot be denied that the resolution of the class action issue in suits of this type places an onerous burden on the trial court. But if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require."

The similarity of this case and the *Hirschi* case is striking. The most important difference is that less has been shown to the Court which would indicate the extent and nature of the claims of other members of the proposed classes than was available to the court in the *Hirschi* case. However, based on what information is available, there "does exist as to the totality of issues a common nucleus of operative facts" [3] and the feasibility of a class action should be explored. The Court in proceeding in this manner reminds the parties that this Order can be modified or withdrawn should it develop that one of the essential requirements of Rule 23 is not met.

In accordance with the provisions of Rule 23(c) (2), Plaintiff is directed to file with the Court within fifteen (15) days from the date hereof a form of notice which complies with Rule 23(c) (2) provisions to be sent to the other partic-

3. Esplin v. Hirschi, supra.

ipants in the Home-Stake 1960 and 1961 Programs who are presently holders of interests therein, and Defendants are directed to file with the Court only a list showing the names and current addresses of such persons. The Clerk of this Court is directed to file said list, on receipt thereof, in a sealed envelope, to be opened only upon order of this Court. Should Defendants object to the form of notice submitted by Plaintiff, they should file their objections with the Court within twenty-five (25) days from the date hereof and may, if they so desire submit at that time a form of notice. Plaintiff's Motion to Convert this Civil Action to a Class Action is granted, subject to compliance with this Order.