Tora C. **BRENNAN**, Plaintiff,

v.

**MIDWESTERN UNITED LIFE INSURANCE COMPANY**, Defendant-Appellee.

Appeal of Claude M. **HERRIMAN** et al., Movants-Appellants.

No. 18682.

United States Court of Appeals, Seventh Circuit.

Aug. 3, 1971.

Rehearing Denied Sept. 23, 1971.

Douglass R. Shortridge, Indianapolis, Ind., for movants-appellants and all those similarly situated, McHale, Cook & Welch, Indianapolis, Ind., of counsel.

David B. Keller, Fort Wayne, Ind., G. R. Redding, John L. Woolling, Indianapolis, Ind., Albert E. Jenner, Jr., John C. Tucker, Chicago, Ill., and Fred E.

Schlegel, Indianapolis, Ind., for defendant-appellee.

Before SWYGERT, Chief Judge, and CUMMINGS and STEVENS, Circuit Judges.

SWYGERT, Chief Judge.

The issue on this appeal is whether in a class action under Rule 23, Fed.R. Civ.P., those identifiable absent members of the representative plaintiff's class who received notice of the pendency of the suit and neither elected to be excluded nor entered an appearance may be required to submit to discovery under Rules 33 and 34, Fed.R.Civ.P., on pain of dismissal of their claims with prejudice for failure to respond. This issue arises out of the denial of appellants' (hereinafter designated "movants") motion under Rule 60(b), Fed.R.Civ.P., which asserted that the dismissal of their claims and those of all others similarly situated for noncompliance with a discovery order was void under clause (4) of Rule 60(b) or should have been set aside under residual clause (6) of that rule.[1]

The underlying class action from which movants were dismissed was instituted by Tora C. Brennan against Midwestern United Life Insurance Company. In that action the plaintiff alleged that Midwestern had violated section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, promulgated thereunder, by aiding and abetting the fraudulent conduct of Michael Dobich, a dealer in securities. The plaintiff asked damages for herself and for all others, including movants, who never received delivery of stock in Midwestern which they had purchased from Dobich. The district court, at a bench trial, found for the plaintiff and all the remaining members of her class. Brennan v. Midwestern United Life Ins. Co., 286 F.Supp. 702 (N.D.Ind.1968). On appeal this court affirmed, 417 F.2d 147 (1969), and certiorari was denied by the Supreme Court, 397 U.S. 989, 90 S.Ct. 1122, 25 L.Ed.2d 397 (1970).

The facts forming the basis for the district court's determination of Midwestern's liability are fully set forth in Judge Eschbach's opinion, 286 F.Supp. 702, and need not here be repeated. We deem it necessary, however, to state the circumstances leading to the dismissal of movant's claims during the pendency of the action and to the subsequent motion under Rule 60(b).

Shortly after a determination that the suit should be maintained as a class action, 259 F.Supp. 673 (D.C.1966), the district court, on October 12, 1966, caused a notice, pursuant to Rule 23(c) (2), Fed.R.Civ.P., to be sent to all prospective members of the class, including movants. The notice described the nature of the action and informed those to whom the notice was sent that they could elect to be excluded from the action or to remain in the class and be represented either by counsel for the named plaintiff or by an attorney of their own choosing. Approximately 600 persons received the notice; of these, 535 became class members by not executing and returning the form (included with the notice) indicating their desire to be excluded. On January

---

I. Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

4, 1967 the district court directed that the members of the class be notified of its order of that date setting a deadline of March 1, 1967 for the appearance of counsel of the class members' own choosing, but repeating what was said in the original notice, that such appearance was not necessary and, absent obtaining their own counsel, the interests of the class members would be represented by counsel for the named plaintiff. Prior to this order, Midwestern had filed requests under Rules 33 and 34, Fed.R.Civ.P., for production of certain documents and records and for answers to interrogatories by the named plaintiff and each member of her class. On December 22, 1966 the court granted the motion to produce, directing compliance by March 1, 1967, and also instructed counsel for the named plaintiff and the defendant to agree on the form of the interrogatories to be submitted.

On January 12, 1967, at the district court's direction, counsel for the named plaintiff mailed to each class member, including movants, copies of the January 4, order, the order to produce documents, and the agreed-upon interrogatories. Plaintiff's counsel also prepared and mailed a memorandum describing the discovery proceedings, explaining the reason for the interrogatories and the production of documents, specifically mentioning the March 1 deadline for compliance, and encouraging each class member to seek the advice and help of his own lawyer, if he had one, or to request assistance from plaintiff's counsel.

On February 20, 1967 counsel for the named plaintiff wrote each class member, including movants, who had not responded to the interrogatories or the order for production, reminding them that their responses were required by March 1, 1967. The letter ended by repeating that if there were any questions, the recipient should contact his attorney or plaintiff's counsel.

At a pre-trial conference, held on April 17, 1967, the court directed counsel for the named plaintiff to prepare a list of those who had not yet answered the interrogatories or produced the documents. The judge stated that he would dismiss with prejudice the claims of such persons unless they responded within twenty days. On May 4, 1967, plaintiff's counsel wrote those, including movants, who had not complied with the discovery orders, explaining the consequences of their noncompliance. The letter read in part: "Obviously, we cannot predict the outcome of this case. If, however, you permit your claim to be dismissed, and we ultimately recover damages from Midwestern United Life, you would not be permitted to share in the recovery. * * * We need your cooperation, however, if we are to recover any moneys on your behalf. Please send us your answers to the Interrogatories and the documents subject to production by June 1, 1967."

On June 7, 1967 the district court ordered the unresponsive members of the class, including movants, to show cause on or before July 14, 1967 why their claims should not be dismissed with prejudice for failure to answer the interrogatories. On June 9 counsel for the named plaintiff sent to all who had not responded copies of the show-cause order together with a letter warning them that unless the interrogatories were answered by July 14, their claims would be dismissed with prejudice. The letter read in part: "Obviously you are not required to participate in the case if you have no desire to do so. * * * On the other hand, if we are successful * * * we would hate for you to lose your share of the recovery merely because you have failed to answer the Interrogatories in accordance with Federal Court procedure."

The July 14 deadline passed; and on August 9, 1967 Midwestern filed its motion to dismiss with prejudice the claims of those class members, including the movants, who had failed to respond either to the interrogatories or to the show-cause order. On August 17, 1967 the court granted the motion and dismissed the claims with prejudice.

The fraud action was tried in January 1968 and judgment was entered on June

26, 1968. Determination of the individual claims of the class members was referred to a special master. On September 29, 1969 this court affirmed the judgment of the district court. On March 11, 1970 the movants filed their motion to set aside the August 17, 1967 order dismissing their claims. Notice of the motion was given to all those similarly situated, informing them that they would be represented by movants' counsel unless they wished to be represented by counsel of their own choosing and that the court's ruling would be binding on them. Following a hearing, the court denied the motion; from that ruling this appeal was taken.

### I

Midwestern first stresses the policy in favor of finality of judgments and the limited grounds on which a Rule 60(b) motion may be granted. Rule 60(b) contains fixed one-year time limits for invoking clauses (1), (2) and (3) and requires the motion to be filed within a "reasonable time" with respect to clauses (4), (5) and (6). Midwestern argues that the unreasonable two and one-half year interval between the dismissal of movants' claims and the filing of their Rule 60(b) motion forecloses consideration of the merits of movants' challenge to the discovery ordered by the district court.

Generally, in reviewing a lower court's denial of a motion under Rule 60(b), our function is not to determine whether the court was substantively correct in entering the judgment from which relief is sought but is limited to deciding whether the judge abused his discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner. *See, e. g.*, Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Wojton v. Marks, 344 F.2d 222 (7th Cir. 1965). While Rule 60(b) is not a substitute for an appeal and the finality of judgments ought not be disturbed except on very narrow grounds, a liberal construction should be given the rule to the end that judgments which are void or are vehicles of injustice not be left standing. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, judgment modified, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). Accordingly, we believe that the circumstances of this case, including the basis for the relief sought, are such that we may properly make a primary inquiry into the legality of the discovery orders and the procedures leading to the dismissal of movants' claims. We base our conclusion on the following considerations.

We note first that even though movants may have engaged in "sideline sitting" until Midwestern's liability was finally established, this case is still in progress; at the time the briefs in this appeal were filed, the special master had not yet determined the claims of all other class members. We conceive no extraordinary hardship on defendant if it is determined that movants and the class they represent should be afforded the relief they seek. Further, if we accept movants' contention that the district judge erroneously assumed the power to direct interrogatories to "absent" class members, it is at least arguable that the dismissal of movants' claims is void. Consequently, an inquiry into the merits appears unavoidable.

Finally, the discovery orders here were made in a somewhat unusual setting and movants' noncompliance resulted in the drastic sanction of dismissal of their claims with prejudice. Even though movants took no affirmative action to pursue their claims, never discussed their claims with attorneys, and were before the district court only through the person of the representative plaintiff, they are now faced with the possibility that their failure to respond to court orders communicated to them by mail may have extinguished forever their fraud claims against Midwestern and that their failure promptly to appeal may have deprived them of any effective appellate review of the dismissal of their claims.

Under these circumstances, we believe that principles of fairness warrant our giving full consideration to the merits of movants' arguments.

## II

■■ We turn then to the merits of movants' challenge to the dismissal of their claims. Movants contend that absent class members are not "parties" to a suit and are consequently not subject to the "party" discovery procedures provided by Rules 33 and 34, Fed.R.Civ.P. Movants argue that Rule 23, Fed.R.Civ. P., contemplates an adversary contest involving only the representative member of a class, with all other members of the class being permitted passively to await the outcome of the principal suit, and that it is inconsistent with the purpose of Rule 23 to require any affirmative action from absent class members before the conclusion of the representative suit. While the question is a difficult one and there is some merit in movants' arguments, we hold that absent class members may, under certain circumstances, be required to submit to discovery under Rules 33 and 34 and that the sanctions of Rule 37 are available to compel compliance with such discovery orders.[2]

Note should be made initially that there is a paucity of recorded precedent in this area. A few district courts have indicated that some form of discovery may be required of class members. *E. g.*, Harris v. Jones, 41 F.R.D. 70, 74–75 & nn. 9 & 10 (D.Utah 1966); Minnesota v. United States Steel Corp., 44 F.R.D. 559, 577–578, 582 (D.Minn.1968); Philadelphia Elec. Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 459 (E.D.Pa. 1968). *But cf.* Korn v. Franchard Corp., 50 F.R.D. 57, 59–60 (S.D.N.Y.1970); Berman v. Narragansett Racing Ass'n, 48 F.R.D. 333, 338 (D.R.I.1969). Professor Moore has noted that, "A court may * * * give a dual or an additional notice, under [Rule 23] (d) (2) to class members who do not opt out and require them to take some affirmative action as a condition of ultimate recovery." 3B J. Moore, Federal Practice ¶ 23.55, at 23–1161 (2d ed. 1969).

Rule 23 in terms does not speak of discovery from class members, but the spirit of the rule would seem to encompass such procedure particularly when subsection (d) is considered. See Professor Moore's observation, *supra.*[3] We do not

---

2. Movants have argued that the dismissal of their claims under Rule 37 was an unduly harsh sanction and constituted an abuse of discretion. Movants ignored repeated requests that they comply with the discovery orders. Under the facts of this case, dismissal was warranted. Movants apparently contend that an appropriate sanction for a class member's failure to respond to discovery would be exclusion from the class. We agree that in many cases that would be an appropriate remedy. *See* Minnesota v. United States Steel Corp., 44 F.R.D. 559, 577–578 (D.Minn. 1968). As we have stated, however, the district judge did not abuse his discretion in imposing on movants the more severe sanction of dismissal of their claims.

3. Rule 23(d) provides:
   In the conduct of actions to which this rule applies the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring, for

the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.

In Harris v. Jones, 41 F.R.D. 70, 74 n. 9 (D.Utah 1966), Judge Christensen relied specifically on Rule 23(d) in requiring absent class members to furnish information relevant to their claims.

believe there is any real inconsistency between Rule 23's general policy of permitting absent class members to remain outside the principal action and our holding that in appropriate cases absent class members may be required to submit to discovery. It is true that an absent class member is given a "free ride" under Rule 23 and has no duty to actively engage in the prosecution of the action. Yet the absent class member's interests are identical with those of the named plaintiff and his rights and liabilities are adjudicated in the principal suit. If discovery from the absent member is necessary or helpful to the proper presentation and correct adjudication of the principal suit, we see no reason why it should not be allowed so long as adequate precautionary measures are taken to insure that the absent member is not misled or confused. While absent class members should not be required to submit to discovery as a matter of course, if the trial judge determines that justice to all parties requires that absent parties furnish certain information, we believe that he has the power to authorize the use of the Rules 33 and 34 discovery procedures.

■ The record shows that the district judge had valid reasons from the standpoint of preparing the case for trial for ordering the discovery in this case. The requests were not designed solely to determine the identity and amount of the class members' claims, but were also directed at obtaining information relating to certain defenses raised by Midwestern in the principal trial. Counsel for the named plaintiff admitted that the information sought by Midwestern was relevant to its claim that it was not liable to the class.[4] Moreover, movants impliedly concede that the discovery was proper by their argument that Midwestern could have proceeded with its pretrial discovery under Rules 30 and 31, Fed.R.Civ.P., to which the sanctions of Rule 45, Fed.R.Civ.P., are applicable. Finally, there is nothing in the record to suggest that the discovery procedures were used as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants.

■ Movants argue, with some persuasiveness, that the initial notice under Rule 23(c) (2) which informed the class members that, unless they indicated a desire to be excluded, they would be included in the action which the named plaintiff and her counsel would prosecute on their behalf is inconsistent with a subsequent requirement that the absent class members furnish discovery information. Movants contend that the initial notice implied that class members could remain passive throughout the principal proceeding, and that consequently a subsequent requirement that a class member take some affirmative action is not only likely to create confusion in his mind but contradicts the implied understanding by which he elected to participate in the suit.[5] The initial notice, however, in no way suggested that subsequent directions from the court could be ignored; and there can be little question about the adequacy of the subsequent notices concerning the discovery orders and the consequences of failure to supply the required information. It is not disputed that movants and those similarly situated received actual notice of the show-cause order and counsel's letter transmitting a copy to them. Nor is it

---

4. In fact, however, the information obtained tended to establish liability. Plaintiff's counsel testified on deposition for purposes of the hearing on the Rule 60(b) motion that: "Our case was benefited through these discovery efforts."

5. Movants cite Korn v. Franchard Corp., 50 F.R.D. 57, 60 (S.D.N.Y.1970):

"[T]here appears to be a fundamental inconsistency in providing, on the one hand, that a member who *fails* to request exclusion shall be *included* in the class and, on the other hand, that a member who fails to file a proof of claim shall be *excluded* * * *."

disputed that they had previously received notice of the orders requiring the discovery and counsel's communications relating to the necessity for compliance. Moreover, even if movants had an initial impression that no action on their part was required to join the class and thereby participate in a recovery, if any, that impression should have been completely dispelled by the subsequent orders of the court and the efforts of counsel for the named plaintiff to get a response to those orders.

■ Movants further contend that due process was denied them because they were inadequately represented by counsel for the named plaintiff. They say that counsel not only should have resisted the request for discovery, but should have either taken an appeal or advised one.

Since we have considered movants' arguments on their merits (in effect giving them an appeal) and have concluded that the discovery procedures were proper, this argument loses much of its strength. But even if it could be said that counsel should have opposed the requested discovery, that does not imply that movants were inadequately represented. Adequate representation does not demand absence of error in judgment. At the time the suit was designated a class action, the district court determined that the class members would be represented adequately by the named plaintiff and her counsel. The successful prosecution of the action serves to confirm that determination. Members of a class, having had full notice of the proceedings and the opportunity to seek the advice of a lawyer of their own choosing and not having availed themselves of that opportunity, may not ignore the advice of qualified counsel for the class and later complain about the advice given.

■ Movants have also attempted to build a due process claim on their contention that the notices they received from the district court were inconsistent and confusing. There is no merit to this argument. The standard for determining due process requirements concerning notice was set forth by the Supreme Court in Hansberry v. Lee, 311 U.S. 32, 42, 61 S.Ct. 115, 118, 85 L.Ed. 22 (1940): "[T]here has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it." That standard was met in the instant case.

In summary, we hold that absent members of a class who receive notice of the pendency of the class suit may be subjected to the party discovery procedures permitted under the Federal Rules. Before ordering such discovery, a trial court must be assured that the requested information is actually needed in preparation for trial and that discovery devices are not used to take unfair advantage of "absent" class members. Moreover, adequate notice must be given so that such persons are fully informed of the discovery order and the possible consequences of their noncompliance with it. In this case both requirements were observed.

The order denying the motion to set aside the dismissals of the claims of movants and those similarly situated is affirmed.

STEVENS, Circuit Judge (dissenting).

Movants were not parties to the litigation in which the district court purported to adjudicate their rights. They were not involuntary parties because they were not served with process. None of them became voluntary parties by entering an appearance or taking any other affirmative action.

A litigant may "stand in judgment" for absent parties only to the extent that their interests are of the same class. Hansberry v. Lee, 311 U.S. 32, 44, 61 S.Ct. 115, 85 L.Ed. 22. In this case no

litigant stood in judgment for movants. The judgment purporting to dismiss their claims with prejudice was predicated solely on a factor which differentiated them from the rest of the class.

Unlike the other class members movants were unwilling or unable to respond to the discovery orders. In my opinion, they had a right to request exclusion from the class as an alternative to responding; they were never advised of any such right, and no such request was made on their behalf. They had no representative in court to advocate protection of their separate interests, whatever they may have been, in not divulging the requested information. Yet it is those separate interests which led to the entry of a judgment against them.

If the class was to be divided into two parts, each was entitled to separate representation by a party qualified to stand in judgment for absent members before their rights could be determined. In my opinion the requirement of adequate representation refers less to the professional competence of counsel than to the identity of the interests of the representative party and those for whom he is permitted to stand in judgment. In this case movants' interest in avoiding the sanction of dismissal with prejudice —as opposed to the possible sanction of exclusion from the class—was a matter of indifference to the representative plaintiff. For that reason which is entirely unrelated to the skill of counsel, movants were not adequately represented by any party to the case.

Since they were not parties to the litigation, movants could not be direct parties to the judgment. Since the judgment did not even purport to bind any party who represented them, it had no indirect impact on their rights. Indeed, in my opinion a judgment which does not even purport to bind any party to the litigation is a nullity.

I respectfully dissent.