See also, D.C., 62 F.R.D. 113.

Susan **BISGEIER** and Stephen J. Bisgeier, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**FOTOMAT CORPORATION et al.,**
Defendants.

No. 71 C 1319.

United States District Court,
N. D. Illinois, E. D.

Dec. 27, 1973.

TONE, District Judge.

Defendants seek to serve detailed 16-page interrogatories on the more than 5000 members of the class conditionally confirmed in this case. The proposed interrogatories would require class members to state biographical information, or in the case of business entities comparable background information and the identity of the individuals who made the decision to buy Fotomat stock; educational history; employment history; familiarity with the photographic industry; transactions in Fotomat stock; and information bearing on reliance. Defendants have indicated their intention to seek bar orders against members of the class who fail to answer the interrogatories.

■ The proposed procedure challenges the concept which is fundamental to the effective conduct of class actions under Rule 23(b)(3). The rule contemplates that the represented members of the class will benefit from, and be bound by, the judgment in the action "without the burden of actually participating." See 7A Wright & Miller, Federal Practice and Procedure § 1787 (1972). The 1973 revision of the Manual for Complex Litigation points this out in explaining why class members should not be required to "opt in." Such a requirement, it is said (West Pub. Co. ed., p. 37), amounts

"to a misuse of the discretionary powers conferred by Rule 23(d)(2) in violation of the 'opt-out' requirement to be observed under Rule 23. See 7A Wright & Miller, Federal Practice and Procedure § 1787: 'The ability of a member to secure the benefits of a successful termination of the action without affirmatively pressing his own claim is particularly important because it assures that small claimants who would be unable to protect their rights through separate suits can take advantage of the judgment in the class action without the burden of actually participating.' According to

the weight of recent decision, this right of the small claimant to benefit without alone bearing the otherwise prohibitive cost of litigation is the most important procedural right secured by Rule 23. Hawaii v. Standard Oil Co., 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972); Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (C.A.2 1968); Hohmann v. Packard Instrument Co., 399 F.2d 711 (C.A.7 1968). The requirement of 'opting-in' must, therefore, under Rule 23 as it is presently written, be regarded as a clear abuse of discretion. See Wainwright v. Kraftco Corp., 53 F.R.D. 78, 90 (N. D.Ga.1971). ('Rule 23(e) places on the court the responsibility of protecting the absent parties.') Requiring a proof of claim under pain of exclusion or dismissal is the same thing as requiring class members to opt in."

After recognizing that the court has authority under Rule 23(d) "to require a timely proof of claim," the authors of the *Manual* state (p. 38):

"It appears that a proof of claim to be submitted after a judgment establishing liability is most often the surest way of utilizing the procedure so that it does not confuse or prejudice absent class members or require proof which cannot be obtained at the outset of a case. 'More often . . . the courts await the adjudication of the liability issue before adopting procedures to notify class members to come forward and assert their claims.' Miller 'Problems in Administering Judicial Relief in Class Actions,' 54 F. R.D. 501, 505 (1972). See also Zients v. LaMorte, 459 F.2d 628 (C.A.2 1972); Korn v. Franchard Corp., 50 F.R.D. 57 (S.D.N.Y.1970)."

The same considerations that militate against prematurely requiring proof of claims apply to requests for discovery that is not germane to the claim of the named plaintiffs against the defendants. This is recognized in Brennan v. Midwestern Life Insurance Co., 450 F.2d

999, 1005 (7th Cir. 1971). In that case, the Court of Appeals while affirming the district court's exercise of discretion in dismissing class members who failed to answer interrogatories and produce documents, acknowledge "Rule 23's general policy of permitting absent class members to remain outside the principal action" and "that an absent class member is given a 'free ride' under Rule 23 and has no duty to actively engage in the prosecution of the action." (450 F.2d at 1005.) The action of the district court in requiring discovery responses from absent class members on pain of being barred from recovery was found by the majority of the Court of Appeals to be justified because the discovery requests "were not designed solely to determine the identity and amount of the class members' claims, but were also directed at obtaining information relating to certain defenses raised by Midwestern in the principal trial." The Court also pointed to a concession made by counsel for the barred claimants and then observed that there was "nothing in the record to suggest that the discovery procedures were used as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants." (*Ibid.*) In so holding, the Court of Appeals was careful to observe that "absent class members should not be required to submit to discovery as a matter of course," and that discovery from them is appropriate only when "necessary or helpful to the proper presentation and correct adjudication of the principal suit." (*Ibid.*) The Court, in summarizing its holding, laid down the following guidelines for trial courts:

"Before ordering such discovery, a trial court must be assured that the requested information is actually needed in preparation for trial and that discovery devises are not used to take unfair advantage of 'absent' class members." (405 F.2d at 1006.)

■ The interrogatories in the case at bar do not pass these tests. As point-

ed out in my memorandum of November 21, 1972 conditionally confirming the class action, the presence of an individual statute of limitations issue as to each member of the class would preclude class treatment of Count I, which is based on Section 11 of the 1933 Act; and the result would be the same under Count II, which is based on Section 10(b) of the 1934 Act and SEC Rule 10b–5, if plaintiffs were compelled to rely on representations by individual defendants to an individual plaintiff rather than a common and consistent course of conduct constituting a wrong common to all. If, however, as I concluded appeared likely, plaintiffs will be able to proceed on a fraudulent concealment theory under Count I and on the theory of a course of conduct by defendants common to all class members under Count II, the issues of liability as to absent class members can be determined in a trial of "the principal suit" between the defendants and the named plaintiffs, and possibly, although the Court is not yet advised as to this, a limited number of class members representative of those purchasers who bought at other times during the period covered by the complaint. See Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 47 (1967).

The information sought by the defendants' interrogatories is not needed in preparation for such a trial. To the extent that those interrogatories do not relate to "the identity and amount of the class members' claims" (Brennan v. Midwestern United Life Ins. Co., *supra*, 450 F.2d at 1005), they call for detailed information having no conceivable relevance and for information bearing on reliance. As I have already held (Memorandum of Decision of November 21, 1972, pp. 6–7), the actual reliance of individual class members upon the alleged omissions or misrepresentations is not an issue in the case. Under Count II, "All that is necessary is that the facts withheld be material in the sense that a

reasonable investor might have considered them important in the making of this decision." Affiliated Ute Citizens v. United States, 406 U.S. 128, 153–154, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972). The interrogatories, except for those which prematurely* seek information as to the identity and amount of class members' claims, call for irrelevant information and would appear to be, in the words of *Brennan* (450 F.2d at 1005), "a tactic to take undue advantage of the class members or . . . a stratagem to reduce the number of claimants."

Defendants' motion for leave to serve interrogatories on class members is denied.

---

* There may be circumstances in which it would be appropriate to serve interrogatories on absent class members before trial of the principal suit. When the parties desire to discuss settlement, for example, the aggregate amount claimed would be an important factor in the negotiations, and both sides would have an interest in being able accurately to assess that factor.