[Civ. No. 43790. First Dist., Div. Three. Dec. 21, 1978.]

PAUL DANZIG et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
JACK GRYNBERG et al., Real Parties in Interest.

## COUNSEL

Bancroft, Avery & McAlister, Sandra J. Shapiro and Michele D. Robertson for Petitioners.

No appearance for Respondent.

Brobeck, Phleger & Harrison, J. Stewart Harrison, Kelly C., Wooster and James L. Miller for Real Parties in Interest.

## OPINION

**FEINBERG, J.**—This class action suit is before us on a petition for a writ of mandate, prohibition, or other appropriate writ brought by plaintiffs below to direct the trial judge to withdraw his February 16, 1978, order, which provided that unnamed members of plaintiff class should answer certain interrogatories propounded by respondents (defendants in the trial court) and served upon counsel for named plaintiffs.

We hold that in order for a defendant to have discovery of unnamed members of a plaintiff class by means of interrogatories, the defendant must carry the burden of showing that (a) such interrogatories request only such information as is necessary to trial of the class issues in the case, (b) such information is not readily obtainable from other sources, and (c) the interrogatories are neither unduly burdensome nor promulgated for an improper purpose. Since the trial court placed that burden on respondent plaintiffs, we grant the relief here sought.

The underlying action in this case was brought by five limited partners of the Greater Green River Basin Drilling Program 72-73 limited partnership (GGRB), individually and on behalf of the class of all limited partners of said partnership, against the general partner, Jack Grynberg

and Associates, and against Jack Grynberg and Celeste Grynberg. The complaint alleges fraudulent representations in the solicitation of the purchase of limited partnership subscriptions, breach of fiduciary duty, breach of the partnership agreement, fraudulent inducement to participate in a subsequent assessment, and enactment and application of an invalid and improper amendment to the partnership agreement. The class seeks distribution of partnership assets, an accounting, and damages. On the face of the complaint, it appears that most, if not all, of the representations alleged to be fraudulent are set out in various documents: namely, the partnership registration statement and prospectus, which were distributed to each potential partner, and a written statement which was sent to each partner along with a proposed amendment to the partnership agreement.

The plaintiff class (put at approximately 60 by petitioners and at approximately 53 by respondents) was certified by order of the trial court on February 3, 1976. It appears that none of the unnamed class members "opted out" of the action or sought to be represented by their own counsel. On or about September 28, 1977, defendants served the interrogatories, the subject of this petition, on counsel for the named plaintiffs. Each named plaintiff filed responses to the interrogatories, and plaintiffs also filed objections to the interrogatories insofar as they were directed to unnamed class members. On February 16, 1978, upon defendants' motion, the trial court ruled that all unnamed class members would be required to respond separately to the interrogatories. (That order has been stayed pending disposition of this petition.) Ultimately, the Supreme Court granted the plaintiffs' petition for a hearing, remanded the case to this court with instructions to grant an alternative writ of mandamus.

Forty detailed interrogatories were directed to the entire plaintiff class to be answered separately by each class member. The trial court ordered that 35 of these interrogatories be answered. As characterized by defendants, these interrogatories to be answered fall roughly into three groups: (1) those directed at defining precisely who the unnamed class members are; (2) those directed at determining upon what information each limited partner relied in joining the partnership, and in consenting or not consenting to the amendment to the partnership agreement; and (3) to what extent each partner's interest in the partnership has been diluted, as alleged in the complaint.

A. *California law is silent as to whether each member of a plaintiff class can be required to answer interrogatories propounded by the defendant.*

Section 2030, subdivision (b)(1) (presently § 2030, subd. (a)) of the Code of Civil Procedure,[1] at times relevant here, provided, inter alia, that interrogatories may be served by any *party* upon any other *party.* The question, then, as framed by the parties to this action, is whether unnamed class members are "parties" within the meaning of section 2030, subdivision (b)(1) to whom interrogatories may be propounded.

■ Appellants urge that California statutes clearly prohibit interrogatories addressed to unnamed members of a class. Their argument—it has the virtue of simplicity—goes as follows: (1) Section 2030, subdivision (b)(1)[2] provides that any *party* may serve upon any other *party* interrogatories. (2) In a class action suit, the unnamed members of the class are not *parties.* (3) Therefore, interrogatories may not be propounded to such unnamed members of the class.

As in most syllogistic reasoning, the error, and we believe there to be error, lies not in the reasoning but in the truth or lack thereof of the premises.

Beyond question, proposition (1) above is correct; interrogatories can only be propounded to parties under section 2030, subdivision (b)(1).

The problem lies with the second proposition above. Both sides agree there is no reported California case squarely on point nor have we been any more successful in finding such a case. Appellants rely upon *Southern California Edison Co.* v. *Superior Court* (1972) 7 Cal.3d 832 [103 Cal.Rptr. 709, 500 P.2d 621], but their reliance is misplaced. The question in *Southern California Edison* was whether a defendant can depose unnamed members of the plaintiff class upon notice to counsel for the

---

[1]Hereafter, all section references are to the Code of Civil Procedure.

[2]Section 2030, subdivision (b)(1) provided: "Any party may serve upon any other party an original propounding document at any time after service of the summons or the appearance of such other party without leave of court, except that, if service of such document is made by the plaintiff within 10 days after such service of summons or appearance, leave of court granted with or without notice must first be obtained. If the party served ·is a public or private corporation or a partnership or association, or body politic, such service shall be upon any officer or agent." While certain changes have been made and the section is now numbered 2030, subdivision (a) (Stats. 1978, ch. 12, § 1, No. 1 Deerings Adv. Legis. Service, p. 118), the changes are not material here.

named plaintiffs, or whether such deponents must be subpoenaed. Section 2019, subdivision (a)(4) provides that service of a subpoena is *not* required in order to depose a party *or* a person for whose immediate benefit an action is prosecuted. In *Southern California Edison,* the court addressed the question of whether unnamed class members are "persons for whose immediate benefit an action is prosecuted," and determined that unnamed class members are in that category. The court did *not* address the question of whether unnamed class members are "parties" within the meaning of section 2019, subdivision (a)(4), or in any other context.

Petitioners argue that the court in *Southern California Edison* would not have devoted so much of that opinion to determining that unnamed class members are "persons for whose immediate benefit an action is prosecuted" if such class members are also "parties." In effect, petitioners contend our high court impliedly held that unnamed class members are *not* parties.

The argument suffers from a logical fallacy. When a proposition is in the form of two alternatives, if one alternative is false, then the other alternative must be true. But, if one of the alternatives is true, nothing can be said about the truth or falsity of the other alternative except in the situation when the two alternatives are mutually exclusive.

In *Southern California Edison,* the Supreme Court holding that unnamed members of a class represented by the named plaintiffs were persons for whose benefit the action was being prosecuted tells us nothing as to whether unnamed members of a class in a class action are "parties" within the meaning of section 2019, subdivision (a)(1), unless·a "party" and "a person for whose immediate benefit an action or proceeding is prosecuted or defended" are mutually exclusive concepts. Since it appears obvious that the two concepts are not mutually exclusive, we conclude that *Southern California Edison* is not authority for the resolution of the issue at bar.

Respondents, on the other hand, suggest that since section 382,[3] the statutory aegis for this class action, provides "when the parties are

---

[3]Section 382 provides: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all," section 382 has designated class members named or not as "parties." Respondents have overlooked, however, the preceding portion of that expression so that the entire relevant provision of the section reads as follows: "[W]hen the question is one of a common or general interest, of many *persons, or* when the *parties* are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." (Italics added.) Thus, one can equally argue that unnamed class members are *persons* and not *parties.*

Respondent cites *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732] as holding unnamed class members to be parties. *Daar* did consider section 382 but it did not address itself to any distinction between "persons" and "parties" in section 382. In fact, *Daar,* referring to section 382 in one place, speaks of "parties" (at p. 704) and in another place, speaks of " ' "many persons" ' " or " ' "numerous parties" ' " (at p. 707).

Suffice it to say, therefore, that respondents' argument in this aspect leaves us less than convinced.

B. *Federal cases construing relevant portions of rule 33, Federal Rules of Civil Procedure, are persuasive authority in this case.*

The pertinent language of rule 33, Federal Rules of Civil Procedure (28 U.S.C.)[4] (hereinafter Rule 33), is identical to section 2030, subdivision (b)(1). Both provide, in relevant part: "Any party may serve upon any other party written interrogatories to be answered by the party served." ▮ Where, as here, there is no controlling California authority in a class action and the California procedural rule involved is identical to the corresponding federal rule, federal cases construing the rule are particularly persuasive authority. (*Southern California Edison Co.* v. *Superior Court, supra,* 7 Cal.3d at p. 839, and cases there cited.) We therefore turn to the federal cases construing Rule 33.

---

[4]Rule 33, in relevant part, provides: "(a) Availability; Procedures for Use. Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party."

C. *Unnamed class members may be required to answer interrogatories, but only upon an appropriate affirmative showing by the party propounding the interrogatories.*

 The substantial weight of authority among the federal courts which have addressed the issue holds that unnamed class members are parties within the meaning of Rule 33 to the extent that, upon a proper showing, interrogatories may be propounded to them. (*Dellums* v. *Powell* (D.C. Cir. 1977) 566 F.2d 167; *Brennan* v. *Midwestern United Life Insurance Co.* (7th Cir. 1971) 450 F.2d 999; *United States* v. *Trucking Employers, Inc.* (D.D.C. 1976) 72 F.R.D. 101; *Bisgeier* v. *Fotomat Corporation* (N.D.Ill. 1973) 62 F.R.D. 118; but see *Wainwright* v. *Kraftco Corporation* (N.D. Ga. 1972) 54 F.R.D. 532; *Fischer* v. *Wolfinbarger* (W.D.Ky. 1971) 55 F.R.D. 129.)

We believe the weight of authority in federal cases to represent the better view in class actions brought under section 382 particularly where, as here: (1) The unnamed members of the class are given notice of the class action and the issues common to the class to be adjudicated. (2) They are advised that they may "opt out" of the action within a given time, in which event, they will not be bound by any decision rendered in the class action. (3) If they do not "opt out" they are informed that they are entitled to be represented by their own counsel and enter an appearance in the case. If they do not enter an appearance, then they are told they will be represented by the named plaintiffs and counsel for the named plaintiffs. (4) They are advised that if they do not "opt out," they will share in any recovery in favor of the class and will be bound by any judgment on the common issues, adverse to the class. (5) The members of the class are relatively few in number (between approximately 53 and 60); and (6) The interests of each member of the class is substantial (it is undisputed that each limited partner invested not less than $50,000 in the limited partnership).

If fairness to all involved in the litigation requires that absent members of a class furnish information, we see no reason why section 2030, subdivision (b)(1) should, in a class action, be so narrowly construed as to prevent appropriate discovery.

The California Supreme Court has recognized the class action suit as a "valuable medium of litigation" to be accorded "a flexible if careful application." (*La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 883 [97 Cal.Rptr. 849, 489 P.2d 1113].) In class actions, it is for the "trial

courts to adopt innovative procedures which will be fair to the litigants and expedient in serving the judicial process." (*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 821 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].) As respondents point out, it would be a paradox that unnamed class members can be deposed, a more burdensome procedure but the simpler procedure of propounding interrogatories cannot be employed.

■ Having said this much, we point out that we do *not* hold that unnamed class members stand on the same footing as named parties to whom interrogatories have been propounded. None of the federal cases which hold that unnamed class members are "parties" for purposes of being served with interrogatories, holds that such discovery may be had "as a matter of course," or that its scope may be as broad as the scope of discovery ordinarily is. The federal courts agree that the trial judge must determine that trial of the class issues requires that absent parties furnish the information sought; that the interrogatories must not be directed at obtaining information concerning the amount of each class member's claim, or the identity of the class members, since these facts are not germane to the trial of class issues; that the discovery must not be undertaken with the purpose or effect of unduly harrassing absent class members, or decreasing the class size. In *United States* v. *Trucking Employers, Inc.*, *supra*, 72 F.R.D. 101, the court held that the party propounding the interrogatories must make a satisfactory showing on each of these issues, before absent class members may be required to respond to the interrogatories.

The reason for such restrictions on discovery of absent class members is that, to the extent the absent class members are compelled to participate in the trial of the lawsuit, the effectiveness of the class action device is destroyed. (*Bisgeier* v. *Fotomat Corporation*, *supra*, 62 F.R.D. 118.) The purpose of the device is not only to relieve the courts of the burdens of repetitive litigation and multiple named plaintiffs; it is also to relieve the absent members of the burden of participating in the action. (*Bisgeier*, *supra*.) Where, for example, each class member's individual claim is small, the absent class members might not consider it to be worth their while to answer detailed interrogatories, a task which may require the assistance of counsel. In such a case, interrogatories could be used effectively by defendants to decrease the size of a plaintiff class. In any class action, unnecessary interrogatories might be used effectively to delay the action, or to harrass the absent members of the plaintiff class.

It is not clear on the face of the interrogatories in question in this case that the information sought is necessary to the trial of class issues. As characterized by defendants themselves, the interrogatories go to the issues of the identity of class members, reliance of class members on certain representations made by defendants, and the extent to which each class member's interest in the partnership is asserted to have been diluted. The first and third of these issues, identity of class members and the amounts of their claims, are the very issues concerning which the federal courts agree that interrogatories to absent class members are *not* appropriate, since evidence on these issues is not germane to trial of the issues which are *common* to the class. *(United States* v. *Trucking Employers, Inc., supra; Bisgeier* v. *Fotomat Corporation, supra; Brennan* v. *Midwestern United Life Ins. Co., supra.)* California courts, too, have held that the amount of individual class member's claim is not germane to the trial of the common class issues, but should be separately proven after the common issues have been tried. *(Daar* v. *Yellow Cab Co., supra,* 67 Cal.2d 695, 709; *Alpine Mut. Water Co.* v. *Superior Court* (1968) 259 Cal.App.2d 45, 55 [66 Cal.Rptr. 250].) Nor is it by any means clear that interrogatories directed to obtaining information concerning the reliance of absent class members on representations made by defendants are necessary to the trial of class issues. As pointed out earlier, it appears on the face of the complaint that virtually all of the alleged misrepresentations were contained in written material received by all members of the limited partnership. Thus, the questions of whether misrepresentations were in fact made, and whether, if made, they were material, can be tried without having each absent class member give evidence on those questions. Further, the California Supreme Court has held in a class action setting that an inference of reliance arises if a material false representation was made to persons whose acts thereafter were consistent with reliance on the representation. *(Occidental Land, Inc.* v. *Superior Court* (1976) 18 Cal.3d 355, 363 [134 Cal.Rptr. 388, 556 P.2d 750].) Therefore, the court in *Occidental* pointed out, justifiable reliance may be established on a common basis without the taking of evidence from each class member.

However, the issue of reliance is an issue common to the class and it is for the trial court to decide whether interrogatories concerning that issue, directed to absent class members, are necessary for the trial *at this time* or might better be propounded later should plaintiffs prevail.

The record is silent as to the reasons for the trial court's order requiring the interrogatories to be answered. We are told only that "good cause" exists therefor. The objections of plaintiffs to the interrogatories were

premised on the erroneous theory that absent class members are not "parties" within the meaning of section 2030, and thus can never properly be required to respond to interrogatories. Moreover, even if plaintiffs argued in the trial court that these specific interrogatories are unnecessary and unduly burdensome, the trial court doubtless assumed that plaintiffs had the burden of establishing these contentions in accordance with section 2019, subdivision (b)(1) (incorporated by reference in section 2030, subd. (g)(1)). We hold that, on the contrary, the party who wishes to propound interrogatories to absent class members must first make a showing that the interrogatories are necessary to the trial of proper class issues, that they are not unduly burdensome to the absent class members, and that they are not propounded with the purpose, nor will they foreseeably have the effect, of decreasing the size of the class. Because it is not clear that these issues were before the trial judge, or that defendants in this case carried the burden of making an affirmative showing on these issues, we grant the writ directing the trial court to set aside its order requiring the unnamed class members to respond to the interrogatories and to conduct such further proceeding as will not be inconsistent with the views expressed herein.

White, P. J., and Scott, J., concurred.