[No. H000200. Sixth Dist. Apr. 12, 1985.]

ATARI, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
MARIA CARSON et al., Real Parties in Interest.

COUNSEL

Dretzin & Kauff, Littler, Mendelson, Fastiff & Tichy and Maureen E. McClain for Petitioner.

No appearance for Respondent.

Robertson, Alexander, Luther, Esselstein, Shiells & Wright, William Esselstein, Diane Greenberg, Joan M. Graff and Linda J. Krieger for Real Parties in Interest.

OPINION

**AGLIANO, J.**—Atari, Inc. is the defendant in a civil action brought by real parties Maria Carson and Rodolfo Villanueva, ostensibly as a plaintiffs' class action. There has been no proceeding to certify the class. Atari seeks review of an order of respondent superior court which permits Carson and Villanueva to send a broadly worded notice to, and to communicate without limitation with, potential class members, but which at the same time limits Atari's access to the same individuals. We conclude that the evidence of record does not justify denying any party equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties.

In February 1983 Atari laid off 600 employees, including plaintiffs Carson and Villanueva. Carson and Villanueva brought this action, for themselves and assertedly for the rest of the 600 employees, upon theories of fraud, misrepresentation, and breach of implied contracts and covenants, based on allegations to the general effect that Atari managers had told the 600 employees there would be no mass layoffs.

In the course of preliminary discovery Carson and Villanueva sought names, addresses and telephone numbers of the rest of the 600 employees. The parties could not agree to limits to be placed on what the potential class members could be told and by whom; they presented cross-motions to respondent court. Respondent court issued the order under review, which in relevant part authorizes Carson and Villanueva to send a precertification notice, in writing, on counsel's letterhead, to all potential class members, telling each of them about the lawsuit and asking each of them to furnish specified kinds of evidence to counsel for Carson and Villanueva (or to counsel of their own choice); provides that with the exception of the form and handling of the initial letter "no limitation shall be placed at the present time on the right of plaintiffs or their counsel to communicate with potential

class members . . ."; and orders that Atari and its attorneys and agents "shall not communicate in the absence of [Carson and Villanueva's] counsel and without prior court approval with any member of the proposed class on any issue relevant to this litigation.

Atari complains of the provision for written precertification notice from Carson and Villanueva to potential class members and of the limitation upon its own right to communicate with potential class members. The order also provides that "[s]hould the defendant wish to take discovery from absent class members, it must do so in accordance with the principles set forth in *Danzig* v. *Superior Court* (1978) 87 Cal.App.3d 604, and *Southern California Edison Co.* v. *Superior Court* (1972) 7 Cal.3d 832." Atari is apparently willing to abide by this specific limitation on discovery.

Preliminarily Atari argues that Carson and Villanueva probably will not be able to obtain certification of the proposed class, because they will not be able to establish the requisite community of interest among the potential class members. (Cf. *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 459 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].) The argument begs the question: A determination "whether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits" (*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 810 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513]) cannot realistically be made until the parties have had a chance to conduct reasonable investigation.

## 1. *The Precertification Notice*

Respondent court's order contains an approved text for the precertification notice, which would inform the addressee that "[t]he suit alleges that Atari defrauded laid-off workers" in specified ways, that the addressee is "one of the people on whose behalf the lawsuit was filed," and that counsel for Carson and Villanueva "need to gather evidence," including documentation, "regarding statements made by Atari supervisors and managers to Atari employees regarding job security, directly or by implication."

■ Atari argues that the notice is not supported by settled authority, has no legitimate purpose, and is potentially misleading and prejudicial as worded.

Atari does not press its first point. Technically the point is correct: There is no express provision for, or settled practice to support, use of a precertification notice in California. Obviously the procedure is not analogous to the *postcertification* notice which has been called a "jurisdictional" proce-

dural element of a class action. (*Kass* v. *Young* (1977) 67 Cal.App.3d 100, 105-106 [136 Cal.Rptr. 469].) But we perceive no persuasive objection to use of this kind of *precertification* communication by class-action plaintiffs to potential class members where, as here, the trial court has been given the opportunity in advance to assure itself that there is no specific impropriety. Atari does not, for example, contend that the communication might be an improper form of solicitation of litigation or clientele (cf. Schoor, *Class Actions: The Right to Solicit* (1976) 16 Santa Clara L.Rev. 215, 232-233); to the contrary, Atari acknowledges that Carson and Villanueva would be "free to contact potential class members to discuss all aspects of this case." The mechanism Carson and Villanueva have selected should not be rejected on the abstract ground that there is no general provision for it in the law.

■ Atari's second and third points merge. Atari argues that "even if Plaintiffs are allowed to communicate in standardized form with *all* potential class members, the communication should *not* describe Plaintiffs' allegations without any reference to [Atari's] defenses nor should it identify the type of evidence Plaintiffs wish to receive." (Italics in original.) The notice "is an improper solicitation of evidence that should not be allowed. [¶] In the present posture of the Court's Order, Plaintiffs may *solicit* evidence while [Atari] is *precluded* from obtaining evidence without prior approval of the Court and utilization of formal discovery." (Italics in original.)

As we shall explain, we agree that upon the record before us it would be unfair to give Carson and Villanueva free rein while limiting Atari's access to the same individuals: Absent a showing of actual or threatened abuse, both sides should be permitted to investigate the case fully. If equal access is given, Atari's complaints become less significant: Sooner or later Carson and Villanueva could legitimately approach potential class members and ask them, forthrightly, whether Atari had misled them to their detriment. So long as Atari is free to communicate its own message to the same individuals we perceive no reason why Carson and Villanueva should not be permitted to send the approved notice now.

### 2. *Limitation on Communication*

Respondent court recites in its order that communication between Carson and Villanueva and potential class members should not be limited because "[s]uch a limitation would be inconsistent with the policies underlying the class action device, and the defendant has failed to present any facts indicating that such communication would result in any abuse of class action procedure," but that communication between Atari and the same individuals "may constitute a violation of Rule 103 of the California Rules of Profes-

sional Conduct, and could present a clear danger of confusion and misrepresentation of the nature and effect of the litigation, contravening the purposes underlying rules relating to discovery from class members in class action proceedings."

We cannot rationalize this distinction on the basis of the record before us. We are compelled to conclude that in this respect respondent court abused its discretion.

Atari relies primarily on *Gulf Oil Co.* v. *Bernard* (1981) 452 U.S. 89 [68 L.Ed.2d 693, 101 S.Ct. 2193]. ■ *Gulf Oil* construes and applies the federal class action rule (rule 23, Fed. Rules Civ. Proc., 28 U.S.C.) and may properly be considered in the absence of controlling California authority. (Cf., e.g., *La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 872 [97 Cal.Rptr. 849, 489 P.2d 1113].)

In *Gulf Oil* a federal district court had imposed "a complete ban on all communications concerning the class action between parties or their counsel and any actual or potential class member who was not a formal party, without the prior approval of the court" (*id.,* at pp. 94-95 [68 L.Ed.2d at p. 699]), and the United States Supreme Court granted certiorari to determine the scope of the court's authority to limit communications from named *plaintiffs* to prospective class members. The United States Supreme Court concluded that the federal district court had exceeded the scope of its authority, quoting from *Coles* v. *Marsh* (3d Cir. 1977) 560 F.2d 186, 189: " '[T]o the extent that the district court is empowered . . . to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened. Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties.' " (*Gulf Oil, supra,* 452 U.S. at p. 102 [68 L.Ed.2d at p. 704].)

■ Atari argues that *Gulf Oil* should apply as well to an order limiting communication between a defendant and potential class members. *Gulf Oil* laid some stress on the importance of permitting named plaintiffs to communicate with persons for whose benefit their action was ostensibly filed. But surely it is of comparable importance that a defendant have free access to interested persons and relevant information. We find in this record no rational basis for respondent court's statement that communications from Atari "could present a clear danger of confusion and misrepresentation," particularly in light of its implicit suggestion that communications from

Carson and Villanueva would not. There is no factual showing, nor any specific finding, of any such danger or of any actual or potential abuse of any kind.

Respondent court's reference to rule 7-103, California Rules of Professional Conduct, is inapposite. The rule provides that "[a] member of the State Bar shall not communicate directly or indirectly with a party whom he knows to be represented by counsel upon a subject of controversy, without the express consent of such counsel. This rule shall not apply to communications with a public officer, board, committee or body." We cannot accept the suggestion that a potential (but as yet unapproached) class member should be deemed "a party . . . represented by counsel" even before the class is certified; we respectfully disagree to this extent with the federal courts which apparently would accept it. (*Impervious Paint Industries* v. *Ashland Oil* (W.D.Ky. 1981) 508 F.Supp. 720, 722-723; cf. *Pollar* v. *Judson Steel Corp.* (N.D.Cal. 1984) 33 Fair Empl. Prac. Cases (BNA) 1870; Comment (1981) 30 DePaul L.Rev. 917, 925.)

We do not mean to foreclose either party's right to seek any protective order which probable circumstances may make appropriate. We only conclude, consistent with fundamental fairness, that in the absence of such circumstances neither party should be precluded from investigating and preparing the case which Carson and Villanueva have initiated.

In light of the conclusion we reach, we find it unnecessary to address Atari's contention that it has a due process right to interview potential class members to prepare for trial, as well as a First Amendment right to communicate with such persons.

Let a peremptory writ of mandate issue directing respondent superior court to make the following alterations in its order made on January 16, 1985, and filed January 17, 1985, in action number 530743, Carson et al. v. Atari, Inc., et al.:

1. Strike the following words (appearing in exhibit B to the said order beginning at p. 1, line 20, and ending at p. 2, line 3) from the order: "that the defendant, its officers, agents, employees and attorneys shall not communicate in the absence of plaintiffs' counsel and without prior court approval with any member of the proposed class on any issue relevant to this litigation. Such communication may constitute a violation of Rule 103 of the California Rules of Professional Conduct, and could present a clear danger of confusion and misrepresentation of the nature and effect of the litigation, contravening the purposes underlying rules relating to discovery from class members in class action proceedings."

2. Strike paragraph 2 (appearing on p. 2 of said exhibit B beginning at line 8 and ending at line 20) and insert in its place the following new paragraph 2:

"2. It Is FURTHER ORDERED that except as expressly provided in this order no limitation shall be placed at the present time on the right of any party or of counsel for any party to communicate with potential class members. Any party may, however, apply to the court upon an adequate showing of need for any protective order appropriate to the circumstances."

The stay of the said order and all proceedings thereon, heretofore ordered herein, shall be dissolved upon compliance by respondent court with the said peremptory writ of mandate.

Panelli, P. J., concurred.

BRAUER, J., Concurring.—I consider Carson and Villanueva's precertification notice to be misleading. Nevertheless, I concur in the judgment and the opinion of the court because it gives everybody equal opportunity of access and therefore allows Atari to counteract the effect of the notice. I would have preferred, however, to require adherence to a higher standard of fairness.

A petition for a rehearing was denied May 7, 1985, and the petition of real parties in interest for review by the Supreme Court was denied July 10, 1985. Mosk, J., was of the opinion that the petition should be granted.