David V. ELLISON, personal representative for the Estate of William C. Dailey, Sr., Plaintiff,

v.

Pamela J. RUNYAN, Defendant.

No. IP 92–251–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 26, 1993.

James W. Wilson, Bingham, Farrer & Wilson, P.C., Elwood, IN, for David V. Ellison.

Jeffrey Lockwood, Schuyler Eisele & Lockwood, Anderson, IN, for Pamela J. Runyan.

## ENTRY AND ORDER ON PLAINTIFF'S MOTION TO COMPEL

FOSTER, United States Magistrate Judge.

■ This matter comes before the Court on the plaintiff's December 28, 1992 Motion to Compel Discovery from the Guardian Life Insurance Company of America ("Guardian Life"). On April 22, 1992, the plaintiff served interrogatories on Guardian Life, a defendant and third-party plaintiff at the time. Guardian Life requested and received two extensions of time, allowing it until August 6, 1992 to respond. Prior to that deadline, the Court granted Guardian Life's re- quest for interpleader and dismissed it from the case. In a letter to the plaintiff dated September 1, 1992, Guardian Life indicated that it did not believe it could answer his interrogatories in its current status as a non-party and that the plaintiff was therefore required to pursue non-party discovery in order to obtain the information requested. Four months later, and with no apparent intervening contact between the two sides, the plaintiff filed the present motion for an order compelling Guardian Life to answer his April 22, 1992 interrogatories. Guardian Life responded on January 6, 1993. The question presented is whether a person who has been dismissed from a case may still be compelled to answer interrogatories which were served on him before he was dismissed.

■ The plaintiff did not submit a memo- randum of law or argument; his motion merely recites the above chronology and states that "[t]he responses to said Interrog- atories are necessary to conclude the litiga- tion." Granted, the Court was not able to discover any case law or commentary that was on point or even close, but the plaintiff should have, first, so informed the Court of this state of the law, and, second, taken the opportunity to assist the Court (and his own prospects) by presenting any colorable argu- ment from the rules, policy, or reason. If no colorable argument can be made in support of a motion, then the motion is frivolous and the movant sanctionable. The plaintiff even failed to explain *why* Guardian Life's an- swers are "necessary to conclude the litiga- tion", the one suggestion of a rationale for his motion. The plaintiff also failed to pro- vide the Court with copies of the interrogato- ries or an indication of their subject matter. These failures not only handicapped the plaintiff's position, but they also caused the Court to expend too much of its own time in original research and deliberation on this issue.

■ Local Rule 37.1 of this Court pro- vides that any discovery motion may be de- nied unless accompanied by a separate state- ment that (1) shows that the movant made a reasonable effort to privately resolve the dis- pute, and (2) recites the efforts the movant

has made to reach resolution of the dispute with opposing counsel.[1] The plaintiff's motion does not include such a statement, yet it does include a sentence stating that he received Guardian Life's September 1, 1992 letter informing him that it would not answer his interrogatories. The letter was not attached to the motion as indicated. From the copy attached to Guardian Life's response, it is evident that Guardian Life's letter was in response to one from the plaintiff requesting the answers. From this exchange of letters, it is apparent that the parties did, in fact, make some attempt to privately resolve their dispute before presenting it to the Court. It is doubtful that any additional effort—for example, a "conference" as mentioned in the rule—would have been reasonable in light of the simple character of the dispute. Moreover, it may be questionable whether an LR 37.1 statement is even required in this case in light of LR 37.1's exception for motions for protective orders by non-parties: Guardian Life's opposition to the plaintiff's motion to compel can be easily construed as a motion for a protective order from a non-party. The failure to comply with S.D.Ind.LR 37.1 will be excused in this case because the plaintiff's motion, though sparse, does apprise the Court that he fulfilled the purposes of S.D.Ind.LR 37.1. Counsel for the plaintiff is admonished, however, to strictly comply with the Rule in the future.

■ Interrogatories under Fed.R.Civ.P. 33 may be used to obtain information only from other parties, not non-parties. Although one may interpret Rule 33(a) as technically limiting only the *service* of interrogatories—not their *answer*—to parties,[2] *see Black Panther Party v. Smith*, 661 F.2d

---

1. S.D.Ind.LR 37.1 reads:

"The Court may deny any discovery motion (except those motions brought by a person appearing *pro se* and those brought pursuant to Rule 26(c), Federal Rules of Civil Procedure, by a person who is not a party), unless counsel for the moving party files with the Court, at the time of filing the motion, a separate statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorney(s) on the matter(s) set forth in the motion.

"This statement shall recite, in addition, the date, time, and place of such conference and the names of all parties participating therein. If counsel for any party advises the Court in writing that opposing counsel has refused or delayed meeting and discussing the problems covered in this rule, the Court may take such action as is appropriate to avoid unreasonable delay."

The purpose of the rule is to encourage resolution of discovery disputes (and issue-narrowing) by requiring the parties to engage in a good faith dialogue about the disputes before presenting them to the Court. This dialogue will be meaningful and fully effective only if the parties fully set forth all of their legal and factual grounds for their positions during their discussions. Thus, while the rule does not specifically require that the movant's statement indicate the content of the discussion between the parties, it is reasonable to interpret the duty imposed on each side by the rule to "[make] a reasonable effort to reach agreement" as requiring each party to present, in a meaningful and effective way, all of the significant legal and factual arguments it relies on. A party should not be raising significant arguments in a later motion to compel or motion for protective order which were not first raised with the other side, and available to it at that time.

2. Rule 33 provides, in pertinent parts:

"(a) Availability; Procedures for Use. Any party may serve upon any other party written interrogatories to be answered by the party served. . . .

"Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory."

It might be argued as well that when Rule 33 refers to "the party upon whom the interrogatories have been served" as the answerer of the interrogatories, it does so for purposes of identification only, not for purposes of limitation. In another reference, Rule 33 requires that the answers be signed by the "the *person* making them", not the *party* (emphasis added). The point of these observations is only to demonstrate that the language of Rule 33 does not, on its face, rule out such an argument. The rule's language, coupled with the absence of relevant case law, suggests that such an argument would be colorable, not frivolous; the issue was worthy of the plaintiff's exploration and argument.

1243, 1258 n. 99 (D.C.Cir.1981), it would be unreasonable to argue from such thin semantics that Rule 33 permits a court to compel non-parties to answer interrogatories.[3] The obvious intent of Rule 33, as well as Rule 34, is that such discovery may only be had from persons who are parties when they answer, not only when they were served; the *answers* must come from parties.

Such a construction of Rule 33, in fact, can serve the interests of discovering parties more than it would hinder them. Interrogatories are indeed cheaper to use and less taxing of time and effort,[4] but depositions, which are the only discovery devices employable against non-parties, have a much broader range of use at trial and preliminary proceedings. *See* Fed.R.Civ.P. 32; F.R.E. 801, 804; 8 C. Wright and A. Miller, *Federal Practice and Procedure* §§ 2142 *et seq.* and 2180 (1970). The plaintiff has not alleged that he prefers Guardian Life's answers to his interrogatories over its responses to third-party oral or written deposition discovery because of cost constraints. Because the absence of the interrogatories renders impossible a determination on the relative value to this case of interrogatories as opposed to third-party depositions, the Court can only look to the ordinary practical advantages of Rule 30 and 31 depositions in concluding that the plaintiff's pursuit of his case would not be prejudiced by giving Rule 33 its plain meaning and, thus, requiring the plaintiff to undertake non-party discovery from Guardian Life.

The plaintiff has made no showing or allegation that Guardian Life abused the Court's process by seeking its two extensions of time in order to delay answering in hopes of being dismissed from the case. There is no suggestion that the nature of the information requested in the interrogatories would motivate bad faith attempts by Guardian Life to frustrate discovery. In fact, since disclosure of the information could be compelled to the same extent under Rules 30 or 31 as under Rule 33, such an allegation would not appear credible. There is no suggestion or indication that Guardian Life's request for interpleader was not well-taken for reasons other than avoidance of the interrogatories. Finally, there is no reason to conclude that Guardian Life either desires to impose higher discovery costs on the plaintiff or would derive any significant benefit from the plaintiff's incurrence of such higher costs. The Court certainly expects that Guardian Life will endeavor to keep costs to a minimum by cooperating as best it can with the plaintiff's depositions.

For the above reasons, I conclude that the Court may not compel Guardian Life to answer the plaintiff's interrogatories. The plaintiff's motion to compel is DENIED.

So ORDERED.

---

3. The cases permitting service of interrogatories on absent or non-representative class members, *see Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir.), *cert. denied,* 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2171, p. 268 (1992 Supp.), do not support this argument because the persons served, while not "parties" in the technical sense of being named in the caption, were nonetheless still par-

ties in the real sense of being members of the class which was the party in the case.

4. Depositions entail expenses for reporters, subpoena and attendance fees, and transcripts; time and effort must be expended to notify all parties and arrange mutually agreeable times; and obtaining answers by deposition is more formal and time-consuming.